# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0634, <u>State of New Hampshire v. Nieko Clow</u>, the court on November 30, 2020, issued the following order:**

Having considered the brief filed by the defendant, the memorandum of law filed by the State, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Nieko Clow, appeals his convictions for misdemeanor simple assault, felony criminal mischief resulting in a loss greater than $1500, and misdemeanor reckless conduct. He challenges the sufficiency of the evidence for each of the convictions.

The jury heard the following evidence. In September 2018, the defendant was living with his fiancée and their five-month-old child.[1] During an argument, his fiancée took the defendant's phone, went outside, and discovered communications between the defendant and another woman. When she returned and confronted him, he hit her in the face several times while he held their child in his other arm. At some point, his fiancée was able to take the infant but the defendant continued hitting her for several additional minutes. He then went outside. When his fiancée subsequently left the house, she found that "every single window was smashed out of [her] car." She walked to her grandmother's house nearby and reported the assault. Her grandmother drove her to her mother's workplace; her mother called the police. The fiancée was interviewed by State Trooper Neilsen and later examined at the local hospital where she was diagnosed with a concussion, facial abrasions, and barotrauma to her ears.

The defendant was subsequently charged with: (1) felony second degree assault against his fiancée; (2) felony criminal mischief resulting in a loss greater than $1500; (3) misdemeanor domestic violence against his fiancée; and (4) misdemeanor reckless conduct against his infant child. Trial was held before a jury. Before closing arguments, the court stated:

> Before I bring the jury out, I met with the attorneys this morning, and by agreement, the complaint charging domestic violence will be dismissed, and I will instruct the jury on lesser-included offenses with respect to second-degree assault, which the lesser included being simple assault. And on the criminal mischief charge, I'll instruct on the lower pecuniary loss amount.

---

[1] The defendant's fiancée was the victim of the simple assault; their child was the victim of the reckless conduct. To avoid confusion, we do not use the term "victim" in this order.

The defendant was subsequently convicted of misdemeanor simple assault, felony criminal mischief resulting in a loss greater than $1500, and misdemeanor reckless conduct. This appeal followed.

The defendant first argues that the State presented insufficient evidence to establish that the damage caused when he broke the windows of his fiancée's vehicle was greater than $1500. Therefore, he argues, the jury could not have found him guilty of felony level criminal mischief. See RSA 634:2 (2016) (criminal mischief is class B felony if actor purposely causes or attempts to cause pecuniary loss in excess of $1500).

To prevail on his challenges to the sufficiency of the evidence, the defendant must demonstrate that no rational trier of fact, evaluating all of the evidence and reasonable inferences therefrom in the light most favorable to the State, would conclude beyond a reasonable doubt that he had committed the charged offense. State v. Hanes, 171 N.H. 173, 177 (2018).

The indictment charging the defendant with criminal mischief alleged that he damaged the windshield and other windows of a Volkswagen Jetta and an iPhone and that both items were owned by his fiancée.[2] The only estimate introduced at trial of the cost to repair and replace the damaged vehicle windows was prepared by the State's witness. He described his extensive experience as an estimator and explained that in preparing his estimate he took into account the age of the vehicle, the odometer reading, and the availability of replacement parts. He estimated the cost to be $2,241.23. The total estimated for replacement parts was $1,198; the remaining costs were for labor and paint.

On cross-examination, the estimator acknowledged that it might be less expensive to obtain glass for the side windows at a salvage yard but that it would be harder to obtain a replacement windshield or back window from that source "because a lot of yards don't want to take the chance of breaking the glass when they cut it out."

Although RSA 634:2 does not define pecuniary loss, we have held that when the State must prove the value of property to bring the loss "within the ambit of a particular criminal statute, any evidence from which the trier of fact can reasonably infer value is admissible." State v. Paris, 137 N.H. 322, 327 (1993) (quotation omitted). In this case, the jury saw photographs and heard testimony describing the damage caused by the defendant. Defense counsel also challenged the amount of the estimate on cross-examination. Given the evidence before it, the jury could have reasonably concluded that the damage caused by the defendant exceeded $1500.

---

[2] To the extent that the defendant argues that he had a possessory interest in the vehicle, the evidence presented at trial established that both the title and registration listed only his fiancée as the owner.

2

The defendant also argues that the trial court should have dismissed the reckless conduct charge because testimony at trial was that his fiancée took the infant from the defendant to use as a "defense mechanism" and that no evidence was presented that the child suffered any injury. RSA 631:3, I (2016) provides: "A person is guilty of reckless conduct if he recklessly engages in conduct which places or may place another in danger of serious bodily injury." To prevail on his motion to dismiss this charge:

> The defendant had to establish that the evidence viewed in its entirety, giving the State the benefit of all reasonable inferences, was insufficient to prove beyond a reasonable doubt that he was guilty of the crime charged. When reviewing the trial court's denial of a motion to dismiss, we view the evidence and reasonable inferences arising therefrom in the manner most favorable to the State.

State v. Littlefield, 152 N.H. 331, 349 (2005) (brackets and quotations omitted). "A person acts recklessly with respect to a material element of an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct." RSA 626:2, II(c) (2016). Contrary to the defendant's argument, the jury was not required to find that his child suffered serious bodily injury but rather that she was placed in danger of suffering such injury. See State v. Belleville, 166 N.H. 58, 63 (2014) (whether defendant acted recklessly does not depend upon the actual harm caused by his conduct). The evidence presented to the jury included that the defendant, a trained boxer, began hitting his fiancée in her face while he was holding the infant. He continued his assault for approximately ten minutes after his fiancée was able to take their child from him. As the State observes, the infant could have suffered injury during the assault if she were dropped by either parent or if she were struck. Given the evidence presented, we conclude that the trial court did not err in denying the defendant's motions to dismiss the reckless conduct charge.

The defendant's final argument is that the State presented insufficient evidence to establish that he was guilty of simple assault. See RSA 631:2-a (2016). The indictment giving rise to this conviction charged the defendant with second degree assault. See RSA 631:2 (Supp. 2019). The trial court instructed the jury that, if it concluded that the defendant was not guilty of second degree assault "solely for the reason that the State did not prove" that he caused serious bodily injury to his fiancée, the jury must then consider whether he was guilty of simple assault. To find the defendant guilty of this lesser included offense the jury was instructed that it must find that he caused bodily injury to his fiancée and that he did so recklessly. See RSA 631:2-a (2016). The defendant does not challenge the accuracy of these instructions but rather argues that the evidence was insufficient to support this conviction. We disagree.

3

The evidence included the fiancée's testimony that the defendant, a trained professional boxer, hit her in the face several times with an open hand "[t]o the point where [she] saw stars."  When she was examined at the hospital later that day, she was diagnosed with a concussion, abrasions to her face, and barotrauma to her ears.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ, concurred.

**Timothy A. Gudas,
Clerk**
